[S. F. No. 10768. In Bank.—July 9, 1923.]

PACIFIC ROLLING MILL COMPANY (a Corporation), et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION OF THE STATE OF CALIFORNIA et al., Respondents.

[1] Workmen's Compensation Act — Denial of Application — Rehearing—Remedies—Prohibition.—As the remedy provided by the legislature and by the constitution for the review of decisions of the Industrial Accident Commission is a plain, speedy, and adequate one, a writ of prohibition will not lie to prevent the Industrial Accident Commission from proceeding with a rehearing of an

application for an award for injuries, based on the ground that the Commission has lost jurisdiction by reason of once having rendered a decision denying compensation.

PROCEEDING in Prohibition to prevent the Industrial Accident Commission from rehearing an application for compensation. Writ denied.

The facts are stated in the opinion of the court.

Burbank & Spence for Petitioners.

THE COURT.—This is an application for writ of prohibition to prevent the Industrial Accident Commission from proceeding with a rehearing in the matter of the application of Jean J. Ebbets. It is claimed that the Industrial Accident Commission has lost jurisdiction by reason of once having rendered a decision denying compensation. It is contended that this court has power under the constitution to issue a writ of prohibition regardless of the provisions of section 67, subdivisions A and D, Workmen's Compensation Act (Stats. 1917, p. 831). Subdivision D of section 67 provides as follows:

"The provisions of the Code of Civil Procedure of this state relating to writs of reveiw shall, so far as applicable and not in conflict with this act, apply to proceedings in the courts under the provisions of this section. No court of this state, except the supreme court and the district courts of appeal to the extent herein specified, shall have jurisdiction to review, reverse, correct or annul any order, rule, regulation, decision or award of the commission, or to suspend or delay the operation or execution thereof, or to restrain, enjoin or interfere with the commission in the performance of its duties; provided, that a writ of *mandamus* shall lie from the supreme court or the district courts of appeal in all proper cases."

Assuming without deciding that this court has jurisdiction under the constitution and under the Workmen's Compensation Act (sec. 67, subds. a, d, *supra*) to issue writs of prohibition against the Industrial Accident Commission, the legislature has provided a plain, speedy, and adequate remedy for errors as to jurisdiction committed by the Industrial Accident Commission. Moreover, the constitution was

amended November 5, 1918 (art. XX, sec. 21), so as to give the legislature "plenary power, unlimited by any provision of this constitution, to create, and enforce a complete system of workmen's compensation, by appropriate legislation. . . . A complete system of workmen's compensation includes . . . full provision for vesting power, authority and jurisdiction in an administrative body with all the requisite governmental functions to determine any dispute or matter arising under such legislation, to the end that the administration of such legislation shall accomplish substantial justice in all cases expeditiously, inexpensively, and without encumbrance of any character; all of which matters are expressly declared to be the social public policy of this state, binding upon all departments of the state government.

"The legislature is vested with plenary powers, to provide for the settlement of any disputes arising under such legislation by arbitration, or by . . . any, or all of these agencies, either separately or in combination, and may fix and control the method and manner of trial of any such dispute, the rules of evidence and the manner of review of decisions rendered by the tribunal or tribunals designated by it; provided, that all decisions of any such tribunal shall be subject to review by the appellate courts of this state. . . . The creation and existence of which [Industrial Accident Commission] with all the functions vested in them, are hereby ratified and confirmed."

[1] If this constitutional provision did not expressly authorize the legislature to prohibit issuances of writs of prohibition directed to the Industrial Accident Commission by the courts of this state theretofore having power to issue such writs by reason of the jurisdiction vested in such courts by the constitution itself, and if, as the petitioner contends, the legislature has not attempted to prohibit interference with the Industrial Accident Commission by writs of prohibition, where they are acting without jurisdiction, nevertheless the remedy provided by the legislature and by the constitution for the review of the decisions of the Industrial Accident Commission is in this case a plain, speedy, and adequate remedy, and for that reason the petition for writ of prohibition must be denied.